FILED

2016 AUG -5 PM 2:21

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT CALIF.
SANTA ANA

1  JAWAD K. ALQAISIYA

2  Mailing Address:

3

4  11012 VENTURA BLVD.

5  Suite 261

6

7  Studio City, CA 91604

8  (714) 398- 4000

9

10

11  **UNITED STATES DISTRICT COURT**

12  **CENTRAL DISTRICT OF CALIFORNIA**

13  Jawad K. AlQaisiya,                    )   Case No. SACV16·01454 AG(JCGx)

14                                         )

15                        Plaintiff,       )   **COMPLAINT FOR:**

                                           )

16         VS.                             )   unlawful DEBT COLLECTION

17                                         )   PRACTICES

    AMERICAN EXPRESS BANK, FSB,            )

18  a federal savings bank.                )

19                                         )

    AMERICAN EXPRESS                       )   unlawful ROSENTHAL FAIR DEBT

20                                         )   COLLECTION PRACTICES

21  The Law Office of Sara J. Hamilton,    )

    P.C.                                   )   FAIR CREDIT REPORTING ACT

22                                         )

23  IRVING FENG, ESQ. SBN # 303340         )   **Jury Trial Demanded:** Yes

24                                         )

    MATTHEW J. SLEZAK, ESQ. SBN # 284710)

25

26  SARA J. HAMILTON, ESQ. SBN 209689)

27        **DEFENDANT(S).   )**

28  _____

                                                                    1

# I. COMPLAINT
## INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA) and the California Rosenthal Act, Civil Code § 1788.2 et. seq. (Rosenthal Act) both of which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (FCRA) which prohibits furnishers from reporting false and inaccurate information.

## II.    JURISDICTION AND VENUE

1. This Court has jurisdiction under:  15 U.S.C. sec. 1692 k (d), 15 U.S.C. sec. 1681(p)(b), and 28 U.S.C. sec. 1331,1337. Supplemental jurisdiction exist for the state law claims pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b) where that the defendant transact business here and the conduct complained of occurred here.

## III.   PARTIES

2. Plaintiff's name is: Jawad K. AlQaisiya Plaintiff resided at California. Plaintiff is a consumer within the meaning of 15 U.S.C. sec. 1692 a (3), 15 U.S.C.§ 1681 a (c).

2

3.  Defendant: AMERICAN EXPRESS BANK, FSB is a professional corporation within the meaning 15 U.S.C. § 1681 a(b) doing the business of collecting debts in UTAH, operating from an address: 4315 South 2700 West Salt Lake City, UTAH 84184.

4.  Defendant: AMERICAN EXPRESS (DOES) is a "debt collector" within the meaning of 15 U.S.C. 1692 a(6); a furnisher of information within the meaning 15 U.S.C. § 1681 a(b) doing the business of collecting debts in California, operating from an address: P.O. Box 981537 EL PASO, TEXAS.

5.  Defendant: The Law Office of SARA J. Hamilton, is a professional corporation doing the business of collecting debts in California, operating from an address at 30 Corporate Park, suite 211 Irvine, Ca 92606.

6.  Defendant: Sara J. Hamilton, SBN # 209689 (DOES)  is a owner/ agent Employee through the Law Office of SARA J. Hamilton doing the business of collecting debts in California, operating from an address at 30 Corporate Park, suite 211 Irvine, Ca 92606.

7.  Defendant: Irving Feng SBN # 303340 (DOES)  is a owner/ agent / Employee through the Law Office of SARA J. Hamilton doing the business of collecting debts in California, operating from an address at 30 Corporate Park, suite 211 Irvine, Ca 92606.

8.  Defendant: Matthew J. Slezak, SBN # 284710 (DOES) is a owner/ agent / Employee through the Law Office of SARA J. Hamilton doing the business of collecting debts in California, , operating from an address at 30 Corporate Park, suite 211 Irvine, Ca 92606.

9.  Defendants are engaged in the collection of debts from consumer using the mail and telephone. Defendants regularly engaged as furnishers of consumer Transunion, Experian, Equifax credit file. Defendant regularly attempt to collect consumer debt alleged to be due to another.

10. Defendants are all entities or individuals who contributed to or participated in , or authorized the acts or conspired with the name defendant to commit the acts and do the things complained of which caused the injuries  and damages to plaintiff as set forth below. Each of the parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the Plaintiff.

11. The true names and capacities, whether individual, corporate ( including officers and directors thereof), associates or otherwise of Defendant sued herein as DOES 1-5, inclusive, are unkown to plaintiff, who therefore sues these Defendant(s) by such fictitious names. Plaintiff is informed and believes, and all

alleges that each Defendant designated as DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

12.  The purported debt that defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

13.  Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h)

14. The purported debt that defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

15.  Experian, Transunion, Equifax is a credit reporting agency within the meaning of FCRA 15 U.S.C. § 1681a(f).

16.  Consumer credit report is a consumer report within the meaning of the FCRA 15 U.S.C. § 1681 a (d).

17.  FCRA 15 U.S.C. § 1681 b  defines the permissible purposes for which a person may obtain a consumer credit report. Such permissible purposes as defined by 15 U.S.C. 1681b are generally if the consumer makes applications for credit, makes application for employment, for under writing of insurance involving the consumer, or is offered a bonafied offer of credit as a result of the injury.

18.  Plaintiff has never had any business dealing or any accounts with made applications for credit from, made application for employment with, applied for insurance from or received a bonafied offer of credit from the defendant.

## IV.   STATEMENT OF FACTS

19. Plaintiff has three inactive credit card accounts charged off with American Express, a nationally recognized credit card provider.

20.  The three inactive credit card accounts in question as furnished by American Express are as follows: #  3499921186530603, # 3499920486488753, and # 3499920441564363.

21. Beginning around April, 2013, an imposter, using Plaintiff name and his previous address on 7701 Yorktown Ave #2 Huntington Beach, California, submitted a credit application to American Express.

22.  American Express granted the imposter's application and sent the imposter a credit card # 3499921186530603 in Plaintiff's name.

23.  Around July, 2013, an imposter, using Plaintiff name and his previous address on 7701 Yorktown Ave #2 Huntington Beach, California, submitted a credit application to American Express.

24.  American Express granted the imposter's application and sent the imposter a credit card # 3499920486488753 in Plaintiff's name.

25. Around July, 2013, an imposter, using Plaintiff name and his previous address on 7701 Yorktown Ave #2 Huntington Beach, California, submitted a credit application to American Express.

26. American Express granted the imposter's application and sent the imposter a credit card # 3499920441564363 in Plaintiff's name.

27.  In July, 2014, and February, 2016. American Express discovered the fraud, closed and charged off the account # 3499920441564363.

28.  In September, 2015, and December, 2015. American Express discovered the fraud, closed and charged off the account # 3499920486488753.

29. In July, 2014, and October, 2015. American Express discovered the fraud, closed and charged off the account # 3499921186530603.

30.  On or about late December, 2015. Defendant American Express Bank, FSB, a federal savings bank filed a operative complaint containing allegations for breach of written contract, common counts book accounts etc., all containing a prayer for damages in the amount of 10,947.85.

31.  The Defendant American Express Bank, FSB, a federal savings bank through the Law Offices of  Sara J. Hamilton, P.C. sent cause of action specified in a filed complaint against Plaintiff. The complaint is insufficient as a matter of law. The DOES complaint does not set forth the True facts upon which Plaintiff seeks a summary judgment. The complaint was signed by Matthew J. Slezak, SBN # 284710.

32.  The American Express Bank, FSB, a federal savings bank v. Jawad K. AlQaisiya case no. 30-2015-00821757-CL-CL-CJC (the action) see exhibit; is a threatening attempt to collect on the account at issue under any name other than American Express.

33.  The American Express Bank, FSB, a federal savings bank through the Law Offices of  Sara J. Hamilton, P.C. has demanded payments of amounts not authorized by any contract or order of the court, or w/out proper validation.

34.  On June 5, 2016, Plaintiff secured his Transunion, Equifax, Experian credit report from www.annualcreditreport.com.

35. The Transunion, Experian, Equifax, general policy and procedure for investigating disputed information is to contact by mail or telephone the source of the information. Each source is advised for consumer dispute and is requested to verify the accuracy and/or completeness of the information reported.

36.  Plaintiff disputed with the three credit bureau reporting agency(s) inaccurate information being reported. Plaintiff requested in writing to the Defendant American Express certified mail and requested of defendant counsel DOES to show proof of debt (debt validation request) upon 30 day notice to reply in accordance with FDCPA 15 U.S.C. §1692 g. 15 U.S.C. 1681i, also informing defendant(s) of their violations of the FCRA. I am not in receipt of any original document which verifies that I have a contract with American Express Bank, FSB, a federal savings bank. I am not in receipt of any original document which verifies that I have a contract with American Express or DOES.

37. The FCRA Fair Credit Reporting Act specifically states that "litigation" Is not permissible use of a consumer credit report as it does not involve a business to consumer transaction.

38.  Defendant(s) continued pursue in attempt to collect on the any alleged debt without proper validation constitute non-compliance and total disregard of federal law.

39. As a result of the acts alleged above, Plaintiff work has been severly affected. Plaintiff was recently hired and had to take time off to attend court, suffered multiple stressful events and stress related symptoms: headaches, worry, trouble sleeping, weight loss and economic discomfort.

40. Around June 24, 2016 upon new research from www.sec.gov. Plaintiff acquired the American express prospectus report to come in the know of what and who are the responsible parties for damages, as to explain American Express attempt to collect on the accounts at issue under the any name other than American Express. With respect to whether the American Express Defendants investigative efforts being unreasonable, improperly running a credit report.

41. Plaintiff immediately filed a motion to dismiss and sworn denial to Defendant(s) complaint. Plaintiff motion to dismiss attached Exhibit - S.E.C. Prospectus dated July 22, 2013 issued by American Express Credit Account Master Trust ("AECAMT") Form 424B5 - SEC Accession No. 0001193125-13-297416. (See exhibit). Plaintiff motion to dismiss was denied for not including memorandum of points and authorities.

42. Plaintiff did / do not believe that he owe the alleged debt to American Express, moreover Plaintiff had no way of determining whether the amount American Express DOES demanded was a fair and accurate calculation of the

American Express (1), (2), (3) account.

43. Plaintiff was enlightened by Honorable Corey S. Cramin of the Superior court of the county Orange; that though my argument was correct and facts were correct, and even though the defendant has not proved or established that I am the person who applied for or used this credit card. Plaintiff believe that given the chance to amend or correct motion would have avoided a federal filing.

44. American Express and American Express Bank, FSB is a subsidiary of another corporation, which does not issue Plaintiff account and does not seek collection on the account. American Express and American Express Bank, FSB and DOES violates the Rosenthal and FDCPA Act as well as, and not limited to the FCRA.

45. Defendant(s) at no time has communicated with plaintiff what justification they may have had to obtain Plaintiff (consumer) profile.

46. In response letters dated July 20, 2016 from The Law Office of Sara J. Hamilton, P.C. a threatening (10) ten day notice in attempt to collect debt information signed by Irving Feng, Esq. has been demanded for the purposes of collecting a non-existence debt of the plaintiff.

47.  Defendant(s) American Express, The Law Office of Sara J.

Hamilton, P.C., Sara J. Hamilton SBN# 209689, Irving Feng SBN # 303340,

Matthew J. Slezak, SBN # 284710 and DOES. Defendant(s) has asserted a right

into action against Plaintiff which they lack to wit. Defendants(s) has taken

action that cannot legally be taken in violation of section 1692e(5), which also

constitute a "false representation" in violation of section 1692e(10).

48.  Plaintiff discovery of violations brought forth herein occurred in

June 2016 and are within the statute of limitations as defined in the

FCRA, 15 U.S.C. § 1681p FDCPA 15 U.S.C. § 1692 k (d).

49.  According to Congress, under the FDCPA, FCRA Act, Although it is

permissible for a debt collector to seek to collect on a time barred debt

voluntarily, it is prohibited from threatening litigation with respect to such a

debt. The defendant act(s) to under such circumstances can at best be described

as "misleading" representation, in violation of § 1692 e. §1681b. §1681i, &

Rosenthal  1788.17 and 1788.30 et seq.

## V.  CAUSES OF ACTION

# FIRST CAUSE OF ACTION

Violations of FDCPA 15 U.S.C. 1962 et.,seq.

**(As against Defendant(s):** AMERICAN EXPRESS BANK, FSB, a federal savings bank, AMERICAN EXPRESS, The Law Office of Sara J. Hamilton P.C., Sara J. Hamilton SBN# 209689, Irving Feng SBN # 303340, Matthew J. Slezak SBN # 284710

50.  Plaintiff re-alleges and incorporates paragraphs 19-49. Defendants violated the FDCPA. Defendants violations include, but are not limited to, the following:

(a)  The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

(b)  The Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the legal status of the debt;

(c )  The Defendant violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(d)  The Defendant violated 15 U.S.C. § 1692 f by using unfair or unconscionable means to collect or attempt to collect a debt;

(e)  The Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law.

13

51.  As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and court fees and costs Pursuant to 15 U.S.C. § 1692k

## SECOND CAUSE OF ACTION

Violation of FCRA 15 U.S.C. SEC. 1681 b

**As against Defendant(s):** AMERICAN EXPRESS BANK, FSB, a federal savings bank, AMERICAN EXPRESS, The Law Office of Sara J. Hamilton P.C., Sara J. Hamilton SBN# 209689, Irving Feng SBN # 303340, Matthew J. Slezak SBN # 284710

52. Plaintiff re-alleges and incorporates by reference all of the foregoing paragraph.

53. Defendant violated the FCRA, Defendant violation include, but are not limited to, the following:

(a)  The Defendant violated FCRA 15 U.S.C. § 1681b (f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b.

(b) The Defendant is a furnisher of information within the meaning of the FCRA 15 U.S.C. § 1681s-2(b)(1)(A)

(c ) by after receiving notice pursuant to § 1681i of dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

(d) Plaintiff re-alleges and incorporate by reference all foregoing paragraphs. Based on the foregoing consumer credit reports. Defendant(s) willfully violated the FCRA 15 U.S.C. § 1681s-2(b)(c) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the Plaintiff pertaining to the account.

54.   Actions on the part of defendant demonstrates a willful disregard for federal law and constitutes a blatant attempt to injure or ruin the credit rating of plaintiff since defendant has demonstrated an inability to validate the alleged debt and subsequently attempted coerce payment. 15 U.S.C sec. 1681 .

55. . As a result of the above violations of the FCRA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and court fees and costs Pursuant to 15 U.S.C. § 15 U.S.C. §1681n (a) (3) and 15 U.S.C. §1681o (a).

# I. REQUEST FOR RELIEF

**WHEREFORE,** the Plaintiff requests:   That this court grant judgement against defendant(s) each for first claim for relief

56.) Actual damages in the amount of **$10,947.85** 2.) Punitive & Statutory damages 15 U.S.C. sec. 1692 d (1), 1692 e, 1692 f (6) 1692 g Remedies 1692 k, **$ 1,000 per defendant** & Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code § 1788.30 (b) **$1,000.00** per defendant 3.) cost and reasonable fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code § 1788.30 (c)   determined by jury. 4.) Any relief as this Honorable Court see fit.

57.) That this court grants judgment against defendant(s) each for second claim for relief  1.) Actual damages in the amount of **$10,947.85** 2.) Punitive and Statutory damages in the amount of **$ 6,000.00** FCRA 15 U.S.C. sec.1681b, 1681i, 1681s-2,1681 n & o  **$1000.00** per bureau defendant  3.)  court fees and cost to be determined by jury 4.) Any relief as court see fit.

58.)  Actual damages in the amount of **$10,947.85**  2.) Punitive & Statutory damages 15 U.S.C. sec. 1692 d (1), 1692 e, 1692 f (6) 1692 g Remedies 1692 k, **$ 1,000** & Rosenthal Act § 1788.30 **$1,000.00** per defendant 3.) legal cost and fees determined by jury. 4.) Any relief as the court see fit.

Date: 8/5/2016

Sign:

Print Name: Jawad K. Alenezys

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial by jury on all issues so triable as a matter of law.

Date: 8/5/2016

Sign:

Print Name:

Jawad K. Aldeisiya

*Exhibit A 1*

JAWAD K. QAISIYA
30262 Crown Valley Parkway, B201
LAGUNA NIGUEL, CA 92677
Tel: 714-398-4000


Defendant: JAWAD K. ALQAISIYA aka JAWAD ALQAISIYA IN PRO PER


THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE SYSTEM

| | |
|---|---|
| AMERICAN EXPRESS BANK, FSB, a federal savings bank. | Case Number: 30-2015-00821757-CL-CL-CJC |
| Plaintiff, | DEFENDANT JAWAD K. ALQAISIYA aka JAWAD ALQAISIYA REQUEST MOTION TO DISMISS, SWORN DENIAL AND MEMORANDUM OF LAW TO DISMISS PLAINTIFFS COMPLAINT AND SUMMARY JUDGEMENT. |
| vs. | |
| JAWAD K. ALQAISIYA aka JAWAD ALQAISIYA, an individual; Does 1 through 20, inclusive. | |
| Defendant. | Hearing Date: July 28, 2016 |
| | Time:  9:30 am |
| | Dept. C-03 |


MOTION TO DISMISS


MEMORANDUM OF POINTS AND AUTHORITIES

Comes now the Defendant Jawad K. Qaisiya, and files this Request for Dismissal of

Complaint, as follows:

*18.*

1. The Causes of Action specified in the complaint filed by the Plaintiff is insufficient a matter of law. The complaint does not set forth the True facts upon which Plaintiff seeks a summary judgement. The complaint should be dismissed.

2. Defendant received the Plaintiff's complaint on or about December 02, 2015. Defendant answered the complaint on or about December 22, 2015.

3. Defendant on or about December 22, 2015 requested in writing to Plaintiff's counsel to show proof of debt ( debt validation request). I am not in receipt of any original document which verifies that I have a contract with American Express Bank, FSB, a federal savings bank.

## 4. IMPROPER PLAINTIFF

Exhibit - S.E.C. Prospectus dated July 22, 2013 issued by American Express Credit Account Master Trust ("AECAMT") Form 424B5 - SEC Accession No. 0001193125-13-297416

Credit card issuers employ securitization schemes to raise capital for their operations. American Express Bank, FSB, has employed and maintained the American Express Credit Account Master Trust Asset Backed Securities since May 1996.

The Prospectus describes the securitization process used by American Express Bank, FSB, Plaintiff, American Express Credit Account Master Trust ("AECAMT") and an entity American Express Receivables Financing Corporation II.

As part of the process, ownership of selected accounts originated by the Plaintiff, American Express Bank, FSB is transferred to American Express Receivables Financing Corporation II and then in turn transferred to AECAMT.

AECAMT then issues various classes of securities backed by the value of those accounts. The master trust agreement provides American Express Travel Related Service Company, Inc. will service the accounts in exchange for a servicing fee. When an account goes into default and is charged

off as uncollectibles, it is automatically transferred from AECAMT back to American Express Receivables Financing Corporation II. It is not clear from the prospectus whether charged off accounts are ever transferred back to American Express Bank, FSB.

As of June 2016 "AECAMT" held almost 36 million consumer and business receivables representing over 67 billion dollars worth of receivables. Given these numbers, there is a significant possibility that this particular account has gone through the securitization process and is no longer owned by American Express Bank, FSB.

5. Plaintiff has not proved or established that I am the person who applied for or used this credit card. Defendant has issued a Sworn Denial in this matter. First requisite element of debt is the existence of obligation. Ernst v. Jessie L. Riddle PC, MD La 1997.

Davis v. Discover Bank, 277 Ga. App. 864
Davis did not deny use of card but that Davis did not sign a contract.

6. Plaintiff has attached a credit card agreement to the complaint that has a machine typed copyright date of 4/17/2014. The customer agreement attached to this Suit on Account is not the agreement in effect when this account was opened nor have any amended card agreements that pertain to this class of account have been attached.

7. A variety of interest rates and fees may have been applied to this account over its lifetime. The attached agreement does not specify the interest rate charged or the fee charges. These documents were issued separately from the agreement as is the custom of card issuers. These documents have not been attached.

8. Plaintiff cannot recover interest or fees absent proof of an agreement to pay interest or fees.

9. Plaintiff is suing as Breach of Contract. The elements of the account stated cause of action expressly draws a Suit on Account. A distinction between suits that grow out of course of dealing and suits that grow out of an express agreement. Cental Ntl Bank of San Angelo V. Cox 96, S.W. 2nd 746, 748. The court said:

* The cases are legion on what constitutes an account stated. In general the essential elements are: Transactions between the parties which give rise to an indebtedness of one to the other; an agreement expressed or implied, between them fixing the amount due : and a promise, express or implied, by the one to be charged, to pay such indebtedness. The first and defining element of the claim is the existence of a debtor-creditor relationship that arise from a series of transactions- from a course of dealing, not a contract. The suit only list indebtedness in the amount $ 10,947.85 principal and interest which works out to a simple interest 15.24%. There is no notation of fees. A detailed account of the charges, interest and fees are required as Plaintiff cannot recover interest or fees absent proof of an agreement to pay interest or fees. Statements are evidence of interest rate that was actually charged NOT the rate that the parties agreed to. Tully v. Citibank (South Dakota) N.A., 2006 WL 2620089. Absent proof of agreed upon rate Plaintiff should not be awarded damages based upon failure to pay the rates demanded in monthly statements.


The Federal Truth in Lending Act requires material terms of a credit card relationship to set forth in a written agreement. Federal Law mandates comprehensive disclosure of these terms when the account is opened and when the account is amended.

The precise content and format of the disclosure that must be made in connection with every credit card application is dictated in great detail by 1607 of the Act and the implementing regulation found at 12 C.F.R. 225.5. The basic terms for which disclosure is required include:

*The annual percentage rate applicable to the purchase, cash advance and balance transfer made using the account.

* The amount of minimum finance charges and transaction charges.

* The existence and duration of a grace period, if any.

* The name of the balance calculation method and the amount of cash advance fees, late payments fees, over the limit fees and balance transfer fees 12 C.F.R. 225.5a(b).

Additional disclosures are required in monthly statements , 12 C.F.R. 226.7, when the terms of the agreement changed, 12 C.F.R. 226.9 ( C ) and before the card renewal date, 12 C.F.R. 226.9

Because these disclosures are required to be in writing and integrated into the account opening process regardless of how the  account is opened, the disclosure terms become defacto terms of the card agreement.

A credit card is to be issued only in response to an application or request. Any such application or request is governed by the disclosure provision of Title 15 U.S.C § 1637 (open end consumer credit plans).

Allowing Plaintiff to sue on account stated theory to imply an agreement relieves her from establishing the amount of interest and fees that were disclosed under Federal Law and that were included in the terms of expressed agreement, permitting Plaintiff an unjustified windfall or unjust enrichment.

10. Breach of Contract

California Law has upheld that a credit card account is a simple contract. Hill v. American Express 289 Ga. 576 657 S.E. 2nd 547.

Plaintiff is limited to only what can be pleaded and proved under the written contract. Truly v. Austin, 744 S. W. 2nd. 934,936 (Tex 1988).

11. This is a contract of adhesion, A contract of adhesion is a standard form contract, prepared by one party and presented to the weaker party, usually a consumer who has no bargaining power and little or no choice about its terms. BLACK LAW DICTIONARY (7th Ed.) p.318.

Historically California courts have held that in contracts of adhesions the party who has littlee or no control of the terms of the contract is to be favored.

12. Credit Card Contracts of adhesion have been found unconscionable and unenforceable. Discover Bank v. Superior Court of Los Angeles Cal 4th 2005 Cal. LEXIS 6686.

Congress acknowledge the abuse of contract that allowed for Universal Default, interest rate changes at will and at will fee charges with the enacted Credit Card Reform Act (CARD Act) of 2009.

13. Plaintiffs' counsel committed fraud upon the court by filing in theory Breach of Contract, in theory the Suit on Account.

WHEREFORE, Defendant , Jawad K Alqaisiya, respectfully submits that the court should dismiss and deny the Plaintiffs complaint, filed herein AMERICAN EXPRESS BANK, FSB and prays for Dismissal of the complaint by the Plaintiff.

Defendant Request submitted this 22 day of June 2016

Your signature

YOUR NAME

Defendant IN PRO SE

*Exhibit B1*

JAWAD QAISIYA
30262 CROWN VALLEY PKWY
STE B201
LAGUNA NIGUEL, CA 92677-2344

6/20/2016

**AMERICAN EXPRESS**

PO BOX 981537
EL PASO, TX 79998

To Whom It May Concern:

Thank you for your recent inquiry. This is not a refusal to pay, but a notice that your claim is disputed.

This is a request for validation made pursuant to the Fair Debt Collection Practices Act. Please complete and return the attached disclosure request form.

Please be advised that I am not requesting a "verification" that you have my mailing address, I am requesting a "validation:" that is, competent evidence that I have some contractual obligation to pay you.

You should also be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law.

Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorneys fees.

Sincerely,


Jawad Qaisiya

## CREDITOR DISCLOSURE STATEMENT

Name and Address of Collector (assignee): _____

_____

Name and Address of Debtor: _____

_____

Account Number(s): _____

What are the terms of assignment for this account? You may attach a facsimile of any records relating to such terms.

_____

_____

Have any insurance claims been made by any creditor been made by any creditor or assignee regarding this account? Yes /no

Has the purported balance of this account been used in any tax deduction claim? Yes / no

Please list the particular products or services sold by the collector to the debtor and the dollar amount of each:

_____

_____

Upon failure or refusal of collector to validate this collection action, collector agrees to waive all claims against the debtor named herein and pay debtor for all costs and attorney fees involved in defending this collection action.

X_____          _____
Authorized signature for Collector                Date

Please return this completed form and attach all assignment or other transfer agreements that would establish your right to collect this debt. Your claim cannot be considered if any portion of this form is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by this law, your claim will not be considered and you may be liable for damages for continued collection efforts.





26

*Exhibit D1*

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| AMERICAN EXPRESS | 3499921186530603 | $10,947 as of 07/13/2016 | 04/2013 | Account charged off. $10,947 written off. $2,679 past due as of Jul 2016. |

800 874 2717
**Address identification number**
0736249023

**Terms**
NA

**On record until**
Feb 2022

Not reported
**High balance**
$10,947
**Monthly payment**
$0
**Recent payment amount**
$0

**First reported**
07/2016
**Responsibility**
Individual

consumer (Meets requirement of the Fair Credit Reporting Act).
**Comment**
Account closed at credit grantor's request.
**Reinvestigation information**
This item was updated from our processing of your dispute in Jul 2016.

**Account history**

2016
Jul

Charge Off as of Jul 2016

**Balance history**
The following data will appear in the following format:
Date: account balance / date payment received / scheduled payment amount / actual amount paid
Jun 2016: $10,947 / No data / No data / No data
Apr 2016: $10,947 / No data / No data / No data
Mar 2016: $10,947 / No data / No data / No data
Feb 2016: $10,947 / No data / No data / No data
Jan 2016: $10,947 / No data / No data / No data
Dec 2015: $10,947 / No data / No data / No data
Nov 2015: $10,947 / No data / No data / No data
Oct 2015: $10,947 / No data / No data / No data
Sep 2015: $10,769 / No data / No data / No data
Aug 2015: $10,593 / No data / No data / No data
Jul 2015: $10,424 / No data / No data / No data
Jun 2015: $10,253 / No data / No data / No data
May 2015: $10,087 / No data / No data / No data
Apr 2015: $10,264 / No data / No data / No data
Mar 2015: $10,099 / No data / No data / No data
Feb 2015: $10,166 / No data / No data / No data
Jan 2015: $10,011 / No data / No data / No data
Dec 2014: $9,992 / No data / No data / No data
Nov 2014: $9,725 / No data / No data / No data
Oct 2014: $9,475 / No data / No data / No data
Sep 2014: $9,356 / No data / No data / No data
Aug 2014: $8,649 / No data / No data / No data
Jul 2014: $8,556 / No data / No data / No data
Between Jun 2016 and Jun 2016, your credit limit/high balance was $0
Between Jul 2014 and Apr 2016, your credit limit/high balance was $10,000

27.

*Exhibit P2*

| | | | | |
|---|---|---|---|---|
| **Account name**<br>AMERICAN EXPRESS | **Account number**<br>3499920486488753 | **Recent balance**<br>$4,711 as of<br>07/06/2016 | **Date opened**<br>07/2013 | **Status**<br>Account charged<br>off. $4,711 written<br>off. $4,711 past due<br>as of Jul 2016. |
| PO BOX 981537<br>EL PASO, TX 79998<br>800 874 2717<br>**Address identification number**<br>0736249023 | **Type**<br>Credit card<br>**Terms**<br>1 Months<br><br>**On record until**<br>Feb 2022 | **Credit limit or<br>original amount**<br>Not reported<br>**High balance**<br>$6,258<br>**Monthly payment**<br>$0<br>**Recent payment<br>amount**<br>$0 | **Date of status**<br>12/2015<br>**First reported**<br>09/2015<br>**Responsibility**<br>Individual | **Comment**<br>Account information disputed by<br>consumer (Meets requirement of the<br>Fair Credit Reporting Act).<br>**Comment**<br>Account closed at credit grantor's<br>request.<br>**Reinvestigation information**<br>This item was updated from our<br>processing of your dispute in Jul<br>2016. |

**Account history**

2016
Jul Jun May Apr Mar Feb Jan 2015 Dec Nov Oct Sep

Charge Off as of Jul 2016, Jun 2016, Feb 2016, Jan 2016, Dec 2015
Collection as of Sep 2015 to Nov 2015

**Balance history**

The following data will appear in the following format:
Date: account balance / date payment received / scheduled payment amount / actual amount paid
Jun 2016: $4,711 / No data / No data / No data
Jan 2016: $4,711 / No data / No data / No data
Dec 2015: $4,711 / No data / No data / No data
Nov 2015: $4,574 / No data / No data / No data
Oct 2015: $4,442 / No data / No data / No data
Sep 2015: $4,313 / No data / No data / No data
Between Sep 2015 and Jun 2016, your credit limit/high balance was $6,258

*28*

*Exhibit 29*

No Public Record items appear on your report.

| Account name<br>AMERICAN EXPRESS | Account number<br>3499920441564563 | Recent balance<br>$4,306 as of<br>02/02/2016 | Date opened<br>07/2013 | Status<br>Account charged<br>off/Never late.<br>$4,306 written off.<br>$4,306 past due as<br>of Feb 2016 |
|---|---|---|---|---|

Experian – Access your credit report

| | | | |
|---|---|---|---|
| 800 874 2717<br>Address identification number<br>0736249023 | Credit card<br>Terms<br>1 Months<br><br>On record until<br>Nov 2022 | original amount<br>Not reported<br>High balance<br>$4,452<br>Monthly payment<br>$0<br>Recent payment<br>amount<br>$0 | 02/2016<br>First reported<br>08/2013<br>Responsibility<br>Individual | Account closed at credit grantor's<br>request.<br>Reinvestigation Information<br>This item was updated from our<br>processing of your dispute in Jul<br>2016. |

### Account history

| 2016 | | 2015 | | | | | | | | | | 2014 | | | | | | | | | | | |
| Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan |

| 2013 | | | | |
| Dec | Nov | Oct | Sep | Aug |

Charge Off as of Feb 2016

### Balance history

The following data will appear in the following format:
Date: account balance / date payment received / scheduled payment amount / actual amount paid
Jan 2016: $4,306 / No data / No data / No data
Dec 2015: $4,306 / No data / No data / No data
Nov 2015: $4,181 / No data / No data / No data
Oct 2015: $4,060 / No data / No data / No data
Sep 2015: $3,942 / No data / No data / No data
Aug 2015: $3,827 / No data / No data / No data
Jul 2015: $3,716 / No data / No data / No data
Jun 2015: $3,439 / No data / No data / No data
May 2015: $3,301 / No data / No data / No data
Apr 2015: $2,396 / No data / No data / No data
Mar 2015: $3,208 / No data / No data / No data
Feb 2015: $3,102 / No data / No data / No data
Jan 2015: $3,198 / No data / No data / No data
Dec 2014: $3,015 / No data / No data / No data
Nov 2014: $646 / No data / No data / No data
Oct 2014: $87 / No data / No data / No data
Sep 2014: $1,230 / No data / No data / No data
Aug 2014: $159 / No data / No data / No data
Jul 2014: $0 / No data / No data / No data
Between Jul 2014 and Jan 2016, your credit limit/high balance was $4,452

| Account name<br>AMERICAN EXPRESS | Account number<br>3499920486488753 | Recent balance<br>$4,711 as of<br>07/06/2016 | Date opened<br>07/2013 | Status<br>Account charged<br>off. $4,711 written<br>off. $4,711 past due<br>as of Jul 2016. |
|---|---|---|---|---|
| PO BOX 981537<br>EL PASO, TX 79998<br>800 874 2717<br>Address identification number<br>0736249023 | Type<br>Credit card<br>Terms<br>1 Months<br><br>On record until<br>Feb 2022 | Credit limit or<br>original amount<br>Not reported<br>High balance<br>$6,258<br>Monthly payment<br>$0<br>Recent payment<br>amount<br>$0 | Date of status<br>12/2015<br>First reported<br>09/2015<br>Responsibility<br>Individual | Comment<br>Account information disputed by<br>consumer (Meets requirement of the<br>Fair Credit Reporting Act).<br>Comment<br>Account closed at credit grantor's<br>request.<br>Reinvestigation Information<br>This item was updated from our<br>processing of your dispute in Jul<br>2016. |

### Account history

| 2016 | | | | | | 2015 | | | |
| Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep |

Charge Off as of Jul 2016, Jun 2016, Feb 2016, Jan 2016, Dec 2015
Collection as of Sep 2015 to Nov 2015

### Balance history

The following data will appear in the following format:
Date: account balance / date payment received / scheduled payment amount / actual amount paid
Jun 2016: $4,711 / No data / No data / No data
Jan 2016: $4,711 / No data / No data / No data
Dec 2015: $4,711 / No data / No data / No data
Nov 2015: $4,574 / No data / No data / No data

29.

Exhibit E-1

# The Law Office of Sara J. Hamilton, P.C.

30 Corporate Park, Suite 211 Irvine, CA 92606

Telephone (949) 407-5533 * Facsimile (949) 417-0033

Toll Free (844) 898-9016

Sara J. Hamilton
Matthew J. Slezak
Irving Y. Feng

July 20, 2016

**VIA U.S. FIRST CLASS MAIL**
JAWAD ALQAISIYA
30262 CROWN VALLEY PARKWAY, B201
LAGUNA NIGUEL, CA 92677

Re:     **AMEX v. JAWAD ALQAISIYA**
        **Case No.: 30-2015-00821757-CL-CL-CJC**
        **Our File No.: 15093154**

Dear Ms. ALQAISIYA:

On MARCH 1, 2016, you were served with Plaintiff's Form Interrogatories, Requests for Admissions and Requests for Production of Documents, Set One. The time within which to respond to our Discovery requests has now expired. As such, all objections thereto have been waived.

If we do not receive responses, without objection, within ten (10) days from the date of this letter, we will be forced to file a motion to compel your responses and/or a motion to establish admissions.

Thank you for your courtesy and cooperation in this matter.

Best regards,

THE LAW OFFICE OF SARA J. HAMILTON

IRVING FENG, ESQ.
Attorney for Plaintiff

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

30.

CONSUMER NOTICES

THIS HAS BEEN SENT TO YOU BY A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.


ADDITIONAL NOTICES


THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8 A.M. OR AFTER 9:00 P.M.. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE.  COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK.  FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT.  FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.